THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00405-MR-DLH

| | |
|---|---|
| TRACEY N. DeBRUHL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> MISSION HEALTH SYSTEM, INC., ) <br> MISSION HEALTH, INC., MISSION- ) <br> ST. JOSEPH'S HEALTH SYSTEM, ) <br> INC., MEMORIAL MISSION MEDICAL ) <br> CENTER, INC., MEMORIAL MISSION ) <br> MEDICAL CENTER FOUNDATION, ) <br> INC., and COPESTONE, ) <br> ) <br> Defendants. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2]. The Court will grant the Plaintiff's Application [Doc. 2] but will *sua sponte* dismiss the action for lack of subject matter jurisdiction.

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28

U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328, 109 S.Ct. 827.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted)).

Here, the Plaintiff appears to assert claims under 42 U.S.C. §§ 1983 and 1985 against Mission Health System, Inc. and related defendants (collectively, "Mission Hospital") for injuries the Plaintiff allegedly sustained as a result of his arrest by four police officers.[1] [Doc. 1 at 1, 3]. With respect to Mission Hospital specifically, the Plaintiff alleges that Mission Hospital "den[ied] evidence" of his injuries. [Id. at 4]. In his request for relief, the Plaintiff states, in pertinent part, as follows:

> Due to Defendants abuse and misjustice to the law, Plaintiff's injuries progressed and weren't dealt with immediately. Due to the crime Defendant committed Plaintiffs cannot trust Doctors. The proof Mission Hospital stated they would take along with denying and lying to Plaintiff's POA, stole the proof Federal

---

[1] The *pro se* Plaintiff has brought a separate civil action against the Buncombe County Sheriff's Department and various individual officers, asserting claims under § 1983 for injuries arising from the same incident. See Civil Case No. 1:16-cv-00404-MR-DSC (W.D.N.C.).

3

> agent needed. . . . Federal agents said to be sure to tell courts that the attackers wife/wives work for Mission Hospital where Plaintiff was held until bruises/evidence went away. This is supposed to a conflict of their law? Due to the abuse Plaintiff has Traumatic Brain Injury and/or PTSD.

[Id. at 6-7 (grammatical errors in original)].

In an untitled addendum to his Complaint, the Plaintiff further alleges, in pertinent part, that:

> Mission Hospital Doctors denied Plaintiff, Plaintiffs Power of Attorney, & the evidence needed by the FBI to charge the officers for their crimes. Which can be proven along with Mission Hospital showing force medication was criminal administered to the plaintiff against all requests. FORCED MEDICINE CAN NOT BE ADMINISTERED WITH AN OBSERVATION TIME.

[Id. at 8 (grammatical errors in original)].

The Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

4

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) internal quotation marks and citations omitted). Here, the Plaintiff has not brought suit against a state actor; instead, he has attempted to sue Mission Hospital, a private corporation. The Plaintiff has made no allegation that Mission Hospital a sufficiently close relationship with state actors such that the Court could conclude that the Hospital was engaged in governmental action. As such, the Plaintiff has no basis to assert a § 1983 claim in this case. Further, although private actors can be sued under 42 U.S.C. § 1985, see Traggis v. St. Barbara's Greek Orthodox Church, 851 F.2d 584, 586-87 (2d Cir. 1988), the Plaintiff has failed to assert factual allegations sufficient to support such a conspiracy claim, see Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993). Thus, to the extent that the Plaintiff attempts to assert claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, such claims must be dismissed.[2]

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that the Application should be allowed. The Court concludes, however, that the allegations set forth in the Plaintiff's Complaint are frivolous and fail to state a cognizable claim upon

---

[2] To the extent that the Plaintiff attempts to assert some claims other than ones under § 1983 or § 1985, the Plaintiff's allegations are frivolous and nonsensical and fail to state a cognizable claim upon relief may be granted.

which relief may be granted. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**  Signed: January 12, 2017

Martin Reidinger
United States District Judge