THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00405-MR-DLH

| | |
|---|---|
| TRACEY N. DeBRUHL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MISSION HEALTH SYSTEM, INC., )<br>MISSION HEALTH, INC., MISSION- )<br>ST. JOSEPH'S HEALTH SYSTEM, )<br>INC., MEMORIAL MISSION MEDICAL )<br>CENTER, INC., MEMORIAL MISSION )<br>MEDICAL CENTER FOUNDATION, )<br>INC., and COPESTONE, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Law to Be Followed to Reinstate Case," which the Court construes as a motion for reconsideration. [Doc. 5].

The Plaintiff filed this action on December 22, 2016, asserting claims under 42 U.S.C. §§ 1983 and 1985 against Mission Health System, Inc. and related defendants (collectively, "Mission Hospital") for injuries the Plaintiff allegedly sustained as a result of his arrest by four police officers. [Doc. 1 at 1, 3]. On January 12, 2017, the Court dismissed the action as frivolous

pursuant to 28 U.S.C. § 1915(e). [Doc. 3].

The Plaintiff now seeks reconsideration of that Order. In his pleading, which is inartfully drafted, the Plaintiff appears to argue that he was subjected to an involuntary hospitalization and was treated with medication against his consent in violation of law. The Plaintiff fails to assert, however, any basis for the exercise of federal jurisdiction in this case. As the Court previously noted, Mission Hospital is not a state actor for the purposes of § 1983. See S.P. v. City of Takoma Park, 134 F.3d 260, 269 (4th Cir. 1998). To the extent that the Plaintiff asserts claims of medical malpractice, such claims would arise under state law and the Plaintiff has failed to establish any basis for the Court to exercise diversity jurisdiction in this matter. See 28 U.S.C. § 1332 (requiring action between citizens of different states and an amount in controversy in excess of $75,000). Finally, to the extent that the Plaintiff seeks to challenge or collaterally attack an involuntary commitment proceeding[1], such matters are for the North Carolina state courts.

In summary, Plaintiff's action was dismissed not because he stated no claim, but because he did not state a basis for a claim that can be brought *in*

---

[1] The Plaintiff does not allege in his original Complaint that he was subjected to an involuntary commitment [see Doc. 1]; if he had been, however, an involuntary commitment order would have issued from a North Carolina state court.

2

*Federal Court.*

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Law to Be Followed to Reinstate Case" [Doc. 5], which the Court construes as a motion for reconsideration, is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 30, 2017

Martin Reidinger
United States District Judge